## W. R. Curran, Trustee, et al., Appellees, v. Ella E. Southgate et al., Appellants.

1. MORTGAGES, § 587*—*when rule requiring sale in inverse order of alienation inapplicable.* The rule requiring a sale of mortgaged premises in the inverse order of alienation does not apply where the deed of the mortgagor conveying the first parcel of the mortgaged premises recited that the land was sold subject to the mortgage, which the grantee "agrees to pay as a part of the purchase price," and the person seeking to invoke the rule had taken from a subsequent grantee a mortgage on such parcel with notice that it was charged with the payment of the whole of the mortgage.

2. APPEAL AND ERROR, § 972*—*when objections to master's findings not saved for review.* Objections to the findings of a master cannot be raised on appeal where no objection or exception was taken to the master's report.

THOMPSON, P. J., took no part in the consideration of this case.

Appeal from the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 2, 1914.

HARVEY H. ATHERTON, for appellants.

EVANS & EVANS, for appellees.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

On May 3, 1913, W. R. Curran, trustee, filed his bill in the Circuit Court of Fulton county for the foreclosing of a trust deed on about 700 acres of land in said county, as described in the bill. The trust deed was given by W. A. Phillips, who was then the owner of the 700 acres, on February 19, 1910, to W. R. Curran, trustee, for the legal holder of notes, for the sum of $16,000, due five years after date with interest at six per cent. per annum. There is no dispute as to this trust deed being a valid prior lien on all the 700 acres, or of the amount due thereon, or of the right

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number

of the original complainants to foreclosure of the same. The contest is as to what part of the land should be sold first.

November 26, 1910, W. A. Phillips sold 240 acres of land so owned by him to one Frank Netlerville, which deed recited: "This land is sold subject to a mortgage of $16,000, with accrued interest and taxes which the said Frank Netlerville agrees to pay as part of the purchase price." On April 4, 1911, Netlerville sold this land to Harry C. Rowe, which deed contained a like recitation. Rowe conveyed to Olive C. Dimon and Theodore H. Dimon on same date, and on May 18, 1911, they conveyed to John Loughrey and Theodore H. Dimon, and these last named grantees conveyed to Fulton County Coal and Power Company, a corporation, on May 20, 1911, which company is now the owner of the 240 acre tract subject to the incumbrance against it. All these conveyances were made subject to the $16,000 mortgage.

On June 1, 1911, the Fulton County Coal and Power Company executed a trust deed to the Chicago Title & Trust Company, trustee, for said 240 acres, to secure the payment of $150,000 in bonds issued of that date, which bonds were in the sum of $500 each due thirty years after date with interest at six per cent. payable semiannually, which trust deed was made subject to mortgage of $16,000. The appellant, Ella E. Southgate, is the holder and legal owner of 281 of said bonds of the value of $140,500, and has no other security for the same than the 240 acre tract of land, and no part of same has been paid. Appellant and Chicago Title and Trust Company were not made parties to the original bill, but obtained leave of court to plead and filed an answer and cross-bill setting up their interest and asking that the 450 acre tract of land be sold first to satisfy the Curran mortgage.

On March 1, 1911, W. A. Phillips sold and conveyed the remainder of said 700 acre tract of land, being about

450 acres, to one Thomas H. Lackland, which deed contained the following recitation: "This land is sold subject to all conditions of a certain mortgage for $16,000 held by W. R. Curran, as trustee, of Pekin, Illinois. Having formerly owned another tract of land near this, containing 240 acres, this said 240 acres being also covered by the mortgage referred to above, and by the terms of the deed to the purchaser of the 240 acre tract, they agreed to pay the said $16,000 as a part of the purchase price." June 16, 1911, Lackland conveyed said lands to John B. King and Thomas B. Lewis, which conveyance was made subject to $16,-000 mortgage.

King and Lewis were made parties defendant, and filed answer and cross-bill, claiming that the 240 acre tract should pay all of the $16,000 mortgage, and asked that it be sold first to satisfy same. On July 1, 1912, John B. King conveyed, by warranty deed, the 450 acres to one J. H. White, but now claims it was in fact given as a mortgage, and on October 25, 1913, being long after suit was started, White, by quitclaim deed, conveyed back to King. On September 7, 1912, King conveyed same land by warranty deed to one John Winsor, but now claims it was also given as a mortgage. Winsor on May 20, 1913, and after the commencement of suit, conveyed by quitclaim deed to Herbert Powell, who on October 24, 1913, filed declaration of trust that he held title to secure payment of $75,000 from John B. King and Thomas B. Lewis.

The contention of appellant, Ella E. Southgate, is that, under the doctrine of marshaling of securities, the original complainants, having a lien on the whole 700 acre tract while she only has lien on 240 acres, should be required to satisfy their mortgage first out of the 450 acre tract. The contention of John B. King is that, because of the recitations made in deeds of conveyance by W. A. Phillips, the original owner of

the whole tract, the 240 acre tract became liable for the payment of the whole of the mortgage first.

The contention of appellant cannot be sustained. The equitable rule of marshaling securities, whereby the lands mortgaged are required to be sold in the inverse order of alienation, will never be applied where the parties, by an agreement in their deed, have charged a mortgage upon land in a different manner. *Moore v. Shurtleff*, 128 Ill. 375.

It is clear from the recitations in the deed from Phillips to Netlerville for the 240 acres that they intended to and did charge that land with the payment of the whole of the mortgage of $16,000, and that Netlerville took the land subject to the payment of the mortgage. The subsequent grantees of Netlerville took subject to the mortgage and with full knowledge and notice of the equities imposed upon him with regard to the payment of same. The appellant having taken the bonds with notice that the land which secured their payment was charged with the payment of the mortgage cannot have the rule of inverse order applied.

No objection or exception having been taken to the master's report that King and Lewis were the owners of the property, that question cannot now be raised in this court. The decree of the Circuit Court was clearly right, and is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE THOMPSON took no part in the consideration of this case.